IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LANGHAM CO.,

Plaintiff,

v.

ENBRIDGE PIPELINES (ILLINOIS), LLC,
CENTRAL STATES PIPELINE
COMPANY, and UNKNOWN OWNERS
AND NON-RECORD CLAIMANTS,

Defendants.                                    Case No. 14-cv-804-DRH-PMF

MEMORANDUM & ORDER

HERNDON, District Judge:

### I.   INTRODUCTION

Pending before the Court is plaintiffs' motion to remand for lack of subject matter jurisdiction. (Doc. 13). Plaintiff Langham asserts that the Court lacks authority to adjudicate this matter because the amount in controversy requirement mandated by 28 U.S.C. § 1332 unsatisfied. In opposition, defendant Enbridge Pipelines (Illinois), LLC, (Enbridge) argues that the Court should deny remand in light of Langham's incorrect computation of the amount in controversy (Doc. 17). For the following reasons, the Court **DENIES** plaintiffs' motion to remand.

## II. BACKGROUND

Plaintiff Langham's complaint was initially filed in Fayette County, Illinois, seeking a court determination regarding the existence of an easement on Langham's land (Doc. 2). Langham hopes to prevent defendant Enbridge from utilizing an existing right-of-way and easement created in 1939 to extend a pipeline as part of the Southern Access Extension Project. Defendant filed its notice of removal on July 15, 2014, after being served with the complaint (Doc. 2).

On August 8, 2014, Langham filed a motion to remand asserting failure to meet the amount in controversy (Doc. 13). Langham argues the amount in controversy is valued at $18,400, or the value of the easement itself (Doc 13, ¶. 3). Enbridge subsequently filed an amended notice of removal affirming that the amount in controversy exceeds $75,000, exclusive of interest and costs, and is valued at the cost of completing the pipeline if the easement is not upheld (Doc 17, ¶. 6).

The parties do not dispute that Langham is an Illinois Corporation with its principal place of business in Illinois, and Enbridge is a limited liability company of Delaware with its principal place of business in Texas.[1] Plaintiff only disputes

---

[1] Plaintiff does not dispute that diversity of citizenship exists. Defendant Enbridge, now known as Illinois Extension Pipeline Company, LLC (IEPC), is a limited liability company still organized under Delaware law with its principle place of business in Texas. IEPC has two members: Enbridge Energy Company, Inc., a Delaware corporation with its principal place of business in Texas and Lincoln Pipeline LLC. a limited liability company organized under the laws of Delaware with its principal place of business in Ohio. Lincoln's sole member and its subsidiaries are also organized under the laws of Delaware with their principal places of business in Ohio (Doc. 17 ¶2).

the amount in controversy. Because Langham believes the amount at issue in this action is far less than the $75,000 threshold, Langham instantly moves to remand this action, pursuant to 28 U.S.C. § 1447(c).

### III. LAW AND APPLICATION

The federal removal statute, 28 U.S.C. § 1441, provides "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts must narrowly construe the removal statute, and doubts as to removal are resolved in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Defendant relies on 28 U.S.C. § 1332, diversity jurisdiction, which states, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— citizens of different States." 28 U.S.C. § 1332(a)-(a)(1). In this case, it is undisputed that diversity of citizenship exists. Plaintiff Langham challenges removal based solely on the amount in controversy requirement.

When removal is challenged based upon the amount in controversy, the Court must look to determine whether that amount was met at the time of removal. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006), cert. denied, 127 S. Ct. 2952, 168 L. Ed. 2d 264 (2007). The Court will determine the

amount in controversy by looking at plaintiff's complaint, along with the record available at the time the petition for removal was filed. *BEM I, L.L.C. v. Anthropologie, Inc.,* 301 F.3d 548, 552 (7th Cir.2002).

In this case, plaintiff did not specify a monetary amount in the prayer for relief. When no amount in controversy is specified, it is determined based upon an evaluation of the controversy described in plaintiff's complaint and the record, as a whole, established as of the date of removal. *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002); *BEM I, L.L.C.,* 301 F.3d at 552. In making this determination, however, the court is not limited to the evidence in the record at the time of removal, but may use whatever evidence "sheds light on the situation which existed when the case was removed." *Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997). The burden to meet the amount in controversy ultimately lies with the removing party. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

Under the test set forth in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), a defendant must proffer facts that establish that the amount in controversy exceeds $75,000. Once defendant meets the burden, that sum controls, so long as it made in good faith. A plaintiff must show "to a legal certainty that the claim is *really* for less than the jurisdictional amount to justify dismissal," in order to overcome defendant's established amount in controversy. *St. Paul Mercury Indemnity Co.*, 303 U.S. at 293 (emphasis added); *see also*, *Hunt v. DaVita, Inc.,* 680 F.3d 775, 777-78 (7th Cir. 2012).

In satisfying the first prong of the test, the Court may consider various factors to determine the amount in controversy. These include, but are not limited to, interrogatories, admissions, calculations alleged in the complaint, plaintiff's informal estimates or settlement demands, or defendant's affidavits regarding how much it would cost to satisfy plaintiff's demands. *Meridian Sec. Ins.*, 441 F.3d at 542.

In the instant case, Langham's motion to remand argues that the amount in controversy is measured as the value of the easement at issue ($18,400) (Doc 13, ¶ 3). Enbridge argues in its amended notice of removal that the amount in controversy is not the value of the easement at issue, but the cost of laying pipe in the event the easement is not upheld. (Doc 17, ¶ 6). If Enbridge is required to build around Langham's property or purchase a new easement, defendant argues that costs would far exceed $75,000. The Court agrees.

"A good-faith estimate of amount-in-controversy is acceptable to support removal on basis of diversity jurisdiction if it is plausible and supported by a preponderance of the evidence." *Oshana* 472 F.3d at 511. Enbridge estimates the cost of installed pipe at roughly $300 per foot, so any pipeline longer than 250 feet would exceed the amount in controversy. Losing access to the easement would force Enbridge to build around Langham's property. Building its pipeline around the property would cost Enbridge at least $75,000 in pipe alone, ignoring construction costs. This would bring the total cost of the pipeline well above $75,000, and would satisfy the amount in controversy. Langham offered no

evidence proving to a legal certainty that recovery will be less than the jurisdictional amount in controversy; therefore Langham's motion to remand is denied.

## IV. CONCLUSION

For the reasons stated above, Langham's motion to remand is **DENIED** (Doc. 13).

**IT IS SO ORDERED.**

Signed this 6th day of October, 2014.

Digitally signed by David R. Herndon
Date: 2014.10.06 13:42:20 -05'00'

**District Judge**
**United States District Court**